[Nelson v. Lloyd.]

general verdict, in conformity to it, has ever been modified or changed to the extent that would be requisite here, in order to correct the error in the court below.   None of the authorities which have been cited, go so far.   If Fundenburgh, E. Lloyd and Nelson had all united in giving a power of attorney, authorising the confession of a judgment against them in favor of the defendants in error, for the amount of their claim; and in executing such power, the judgment, through some mistake, had been entered against Nelson alone, it might doubtless, according to the principle of the authorities cited, have been corrected; and the judgment been so amended as to make it conform to the power of attorney.   But that would present a very different case from the present; and in short one bearing no analogy to it whatever.   We are unable to perceive how the amendment asked for can be made without departing from and setting aside the established rules of practice.

The application is, therefore, discharged.

# West *against* Jones.

Assumpsit cannot be maintained by a contractor, for work done for the state of Pennsylvania, against the superintendant: he is a public officer, and accountable only to the Commonwealth.

ERROR to the district court of *Allegheny* county.

Nicholas West for the use of his trustee against Samuel Jones. The plaintiff was a contractor for work upon the Pennsylvania canal, and obtained a final estimate for 376 dollars 31 cents.   The defendant was the superintendant of the work, and the disbursing officer of the state.   After the work was completed, he paid the estimate to Samuel Kinley for the plaintiff.   Upon the allegation that this was an erroneous payment this suit was brought.

*Grier*, president, ruled that the action could not be maintained, and directed a verdict for the defendant.

*Findlay*, for plaintiff in error.

*Lowry, contra*, cited 8 *Cowen* 191; 2 *Com. Law Rep.* 432; 10 *Com. Law Rep.* 192, 302; 7 *Com. Law Rep.* 78; 4 *Taunt.* 190.

PER CURIAM.—The defendant was only an instrument in the hands of the government to make payment in its name.   The debt was not his, nor is he personally liable for it.

Judgment affirmed.